1  Robert A. Weikert, State Bar No. 121146
   rweikert@nixonpeabody.com
2  NIXON PEABODY LLP
   One Embarcadero Center, Suite 1800
3  San Francisco, CA 94111
   Telephone:  (415) 984-8200
4  Facsimile:  (415) 984-8300

5

6  [Additional Attorneys Listed On Signature Page]

7  Attorneys for Plaintiff
   **EYESPY CRITIQUING & CONSULTING CORPORATION**

8

9                   UNITED STATES DISTRICT COURT

10                  NORTHERN DISTRICT OF CALIFORNIA

11                        (SAN JOSE DIVISION)

12

| EYESPY CRITIQUING & CONSULTING CORPORATION, a California corporation, | Case No.: _____ |
|---|---|
| Plaintiff, | **COMPLAINT FOR FEDERAL TRADEMARK INFRINGEMENT; FEDERAL FALSE DESIGNATION OF ORIGIN; STATUTORY UNFAIR COMPETITION; COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION; AND CYBERSQUATTING** |
| vs. | |
| EYE SPY SPOTTER SERVICES INC., an Arizona corporation, | |
| and | |
| MICHAEL ZENNER, an individual, | **JURY TRIAL DEMANDED** |
| Defendants. | |

## **COMPLAINT**

NOW COMES Plaintiff, EyeSpy Critiquing & Consulting Corporation, through counsel, and for its Complaint against Defendant, Eye Spy Spotter Services Inc., states and avers as follows:

## INTRODUCTION

1. This is an action by a hospitality consulting and research company and federal trademark holder against a hospitality consulting and research company for statutory and common law trademark infringement, statutory and common law unfair competition, and cybersquatting.

## THE PARTIES

2. Plaintiff EyeSpy Critiquing & Consulting Corporation ("EyeSpy" or "Plaintiff") is a California corporation and maintains its principal place of business at 1153 Lincoln Avenue, Suite H, San Jose, California 95125.

3. Defendant Eye Spy Spotter Services Inc. ("ESSS" or "Defendant") is an Arizona corporation and maintains its principal place of business at P.O. Box 995, Gilbert, Arizona 85299.

4. Defendant Michael Zenner is a natural person who maintains an address for service of process, according to the records of the WHOIS database of Network Solutions, as well as the address of his company, Defendant Eye Spy Spotter Services Inc., at P.O. Box 995, Gilbert, Arizona 85299.

## JURISDICTION AND VENUE

5. This Court possesses personal jurisdiction over ESSS and venue is proper in this Court because it actively solicits and performs infringing activities in the State of California. Further, ESSS placed an advertisement on Craigslist in Los Angeles which included negative statements about Plaintiff.

6. This Court possesses personal jurisdiction over Michael Zenner and venue is proper in this Court because he owns the infringing domain name used by his company, Defendant ESSS, which in turn actively solicits and performs infringing activities in the State of

1  California. Further, as the Chief Executive Officer and, upon information and belief, the sole shareholder of Defendant ESSS, Mr. Zenner is responsible for the acts of Defendant ESSS, specifically those focused on and occurring in California.

7. This Court has subject matter jurisdiction pursuant to the Lanham Act, as amended, 15 U.S.C. §§ 1051 *et seq.*, including 15 U.S.C. §§ 1121 and 1125, under 28 U.S.C. §§ 1331 and 1338, and based on principles of supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

8. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and (c).

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

9. EyeSpy is a privately-held hospitality research and consulting business that began offering its hospitality research and consulting services, including, *inter alia*, restaurant and bar evaluation services, bar audits, hotel and spa evaluation services, evaluations of other service-oriented venues, and bartender theft prevention services since at least as early as September 1, 2001 and operates the website at <www.eyespycc.com> and <www.theeyespy.com>. Screenshots of EyeSpy's website are attached hereto as Exhibit A.

10. EyeSpy offers and/or has offered its services in, *inter alia*, the states of California, Arizona, Illinois, New York, and Missouri.

11. EyeSpy is the exclusive owner of the following United States Trademark Registrations, copies of the registration certificates of which are attached hereto as Exhibit A:

| Mark | Reg. No. | Goods and Services |
|---|---|---|
| EYESPY CRITIQUING & CONSULTING | (Incontestable) 3,556,907 Filed: 5/19/2008 | Shopping by researchers who pose as customers to evaluate the quality of service delivered **[First use in commerce at least as early as 09/01/2001]** |
| EyeSpy Critiquing & Consulting | (Incontestable) 3,334,844 Filed: 5/12/2006 | Shopping by researchers who pose as customers to evaluate the quality of service delivered **[First use in commerce at least as early as 07/01/2005]** |

12. The foregoing registrations are in full force and effect, unrevoked, and uncancelled. U.S. Registration Nos. 3,556,907 and 3,334,844 have become incontestable pursuant to 15 U.S.C. § 1065.

13. EyeSpy is also the owner of common law rights in the marks shown in its federal registrations, as well as in the mark EYESPY, with use in interstate commerce dating from at least as early as September 1, 2001.

14. The marks identified in Paragraphs 11 and 13 shall be collectively referred to herein as the "EYESPY Marks."

15. To identify its services, and as alleged above, EyeSpy has extensively used, advertised, and publicized the EYESPY Marks and trade name in conjunction with its services, including restaurant and bar evaluation services, bar audits, hotel and spa evaluation services, evaluations of other service-oriented venues, and bartender theft prevention services. In so doing, EyeSpy has earned significant revenue from the sale of services related to the EYESPY Marks, and has incurred substantial expense in advertising and promoting the EYESPY Marks in conjunction with its services over a twelve year period. As a consequence, EyeSpy has built and developed enormous goodwill associated with the EYESPY Marks.

16. EyeSpy registered <www.theeyespy.com> as an Internet domain name on November 12, 2001, and maintains this domain name presently.

17. EyeSpy registered <www.eyespycc.com> as an Internet domain name on September 20, 2005, and maintains this domain name presently.

18. Apart from its websites, EyeSpy advertises in print media and electronic media. Publications in which EyeSpy has advertised, or in which it has been mentioned in articles, include Nation's Restaurant News (<http://nrn.com/>), Golden Gate Restaurant Association (<http://ggra.org/>), Craigslist (<http://craigslist.org/>), Poached

(<http://poachedjobs.com/choose/>), Proven (<http://www.proven.com/>), FohBoh (<http://fohboh.com/>), Facebook (<https://www.facebook.com/>), LinkedIn (<www.linkedin.com/>), San Jose Mercury News (<http://www.mercurynews.com/>), Willow Glen Resident (<http://www.mercurynews.com/willow-glen/>), The Daily News (<http://www.baydailynews.com/>), and Sysco iCare (<http://www.sysco.com/customer-solutions/sysco-icare.html>).

## **EYE SPY SPOTTER SERVICES INC.**

19. Upon information and belief, on June 3, 2004, Michael Zenner, a listed Officer/Director of Eye Spy Spotter Services Inc., registered the domain name <www.eyespyspotter.com> through GoDaddy.com, LLC.

20. Upon information and belief, Defendant, and/or its founder, was aware of the existence of Plaintiff EyeSpy Critiquing & Consulting Corporation and its domain name, <www.theeyespy.com>, prior to his acquisition of the domain name <www.eyespyspotter.com>, as the companies operate in the same space, hospitality consulting and research, the companies operate in adjoining states, and the domain names are similar.

21. Upon information and belief, on August 1, 2006, Eye Spy Spotter Services Inc. was formed as a corporation in the state of Arizona.

22. Upon information and belief, Defendant is using and has used the marks EYE SPY SPOTTER SERVICES, EYE SPY, and [EYE SPY SPOTTER SERVICE logo] in conjunction with its restaurant and bar evaluation services, and bartender theft prevention services, and related advertising.

23. Upon information and belief, Defendant is using and has used the marks EYE SPY SPOTTER SERVICES, EYE SPY, and [EYE SPY SPOTTER SERVICE logo] on its website,

<www.eyespyspotter.com>. *See* attached screenshots from Defendant's website attached hereto as Exhibit B.

24. Upon information and belief, in June of 2013, ESSS placed an advertisement on the Craigslist service in Los Angeles stating, in pertinent part, as follows:

> PLEASE NOTE: We are Eye Spy Spotter Service Inc. http://www.eyespyspotter.com/. We ARE NOT EyeSpy Critiquing in San Jose California with a bad Yelp! Rating here: http://www.yelp.com/biz/eyespy-san-jose - This is not our company and we are in no way affiliated with them or their ratings in any way.

25. On June 25, 2013, counsel for EyeSpy sent a letter to EyeSpy Spotter Services, Inc. notifying ESSS of EyeSpy's prior rights and requesting that Defendant ESSS immediately stop using the infringing mark EYE SPY, and any other marks confusingly similar thereto, and that it immediately remove all online advertising referencing EyeSpy. A reply was requested by July 10, 2013.

26. On July 15, 2013, Michael Zenner, the alleged CEO of ESSS, sent a letter to Mistie Cohen, an officer of EyeSpy, apologizing for his employee's placement of the above-described Craigslist advertisement and asserting his belief that the two companies can coexist, and further, that if he was being asked to change his company name, "that will pose a dilemma."

27. Despite EyeSpy's notification of its prior rights in a confusingly similar federally registered trademark, and its request that ESSS cease infringing its rights, ESSS has refused to stop its infringing use.

28. ESSS had constructive notice of EyeSpy's ownership of the marks EYESPY CRITIQUING & CONSULTING and EYESPY CRITIQUING & CONSULTING & Design as a result of EyeSpy's federal trademark registrations, and actual notice through its receipt of EyeSpy's June 25, 2013 letter. In fact, ESSS had actual notice of the existence of EyeSpy at least as early as June of 2013, as evidenced by its Craigslist advertisement.

29. EyeSpy has established rights in the EYESPY CRITIQUING & CONSULTING and EYESPY CRITIQUING & CONSULTING & Design Marks in connection with at least the services set forth within its aforementioned federal registrations prior to any date upon which Defendant ESSS can rely for its use of the EYE SPY SPOTTER SERVICES, EYE SPY, and ![EYE SPY SPOTTER SERVICE logo] marks.

30. Defendant ESSS's use of the aforementioned marks has created and will continue to create a likelihood of confusion, mistake and/or deception among consumers within the meaning of § 2(d) of the Lanham Act, 15 U.S.C. §1052(d), all to the detriment of Plaintiff EyeSpy.

31. Indeed, given the negative Craigslist advertisement placed by ESSS, it is clear that actual confusion has already taken place to the knowledge of ESSS.

32. In view of the foregoing, Plaintiff has been damaged and will continue to be damaged by virtue of Defendant's continued use of the EYE SPY SPOTTER SERVICES, EYE SPY, and ![EYE SPY SPOTTER SERVICE logo] marks.

33. Upon information and belief, the continued use of the EYE SPY SPOTTER SERVICES, EYE SPY, and ![EYE SPY SPOTTER SERVICE logo] marks by Defendant ESSS is likely to cause mistake and/or deception among consumers in the marketplace.

## CLAIMS FOR RELIEF

### COUNT I
### Trademark Infringement
### (15 U.S.C. § 1114)

34. EyeSpy hereby incorporates by reference the allegations contained in the foregoing paragraphs as if fully set forth herein.

35. Defendant ESSS has been and is currently engaged in trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), through its adoption and use of marks containing the terms EYE SPY in conjunction with its website and services.

36. Defendant ESSS's use of the aforementioned marks is likely to cause consumer confusion, mistake, or deception in the relevant market(s). Defendant ESSS has infringed the EYESPY Marks, as alleged herein, with an intent to deceive the public into believing that the services it offers are approved of or sponsored by, or affiliated with, EyeSpy.

37. EyeSpy has been seriously and irreparably damaged by ESSS's continued use of the EYE SPY SPOTTER SERVICES, EYE SPY, and [EYE SPY SPOTTER SERVICE logo] marks, despite its request to stop dating from June 25, 2013.

38. EyeSpy possesses no adequate remedy at law to address the damage caused by ESSS's continued use of the EYE SPY SPOTTER SERVICES, EYE SPY, and [EYE SPY SPOTTER SERVICE logo] marks.

**COUNT II**
**False Designation of Origin**
**(15 U.S.C. § 1125(a))**

39. EyeSpy hereby incorporates by reference the allegations contained in the foregoing paragraphs as if fully set forth herein.

40. ESSS's use of marks containing the terms EYE SPY in connection with its services constitutes false advertising, false designation of origin, and false descriptions and representations of ESSS's business activities and/or services as being associated with, sponsored by, originating from, or connected with EyeSpy, and amounts to using a false description or designation in commerce.

41. ESSS's acts constitute unfair competition by false advertising, false descriptions, and false designations of the origin of its goods and/or services, and have affected interstate commerce in violation of Section 43(a) of the Lanham Act, as amended, 15 U.S.C. § 1125(a).

42. Defendant ESSS's continued ownership of the domain name <www.eyespyspotter.com> constitutes a false designation of origin under the Lanham Act, 15 U.S.C. §§ 1125(a) *et seq.*

43. EyeSpy has been seriously and irreparably damaged by ESSS's continued use of the EYE SPY SPOTTER SERVICES, EYE SPY, EYE SPY SPOTTER SERVICES & Design marks.

44. EyeSpy possesses no adequate remedy at law to address the damage caused by ESSS's continued use of the EYE SPY SPOTTER SERVICES, EYE SPY, EYE SPY SPOTTER SERVICES & Design marks.

## COUNT III
### Unfair Competition
### (Cal. Bus. & Prof. Code Section 17200)

45. EyeSpy specifically incorporates and references the allegations asserted in each of the preceding paragraphs, as if fully set forth herein.

46. ESSS's acts described above constitute unfair competition in violation of California Business and Professional Code §§ 17200 *et seq.*, as they are likely to deceive, and are deceiving, the public.

47. ESSS's acts of unfair competition have caused and will continue to cause EyeSpy irreparable harm. EyeSpy has no adequate remedy at law for ESSS's unfair competition.

48. EyeSpy is entitled to a judgment enjoining and restraining ESSS from engaging in further unfair competition, as well as restitutionary damages according to proof.

## COUNT IV
**Common Law Trademark Infringement and Unfair Competition**

49. EyeSpy hereby incorporates by reference the allegations contained in the foregoing paragraphs as if fully set forth herein.

50. ESSS's continued use of marks containing the terms EYE SPY in connection with its services constitutes common law trademark infringement and unfair competition.

51. ESSS has infringed upon the EYESPY Marks, as alleged herein, with the intent to deceive the public into believing that the services it offers are approved of, sponsored by, or affiliated with EyeSpy. ESSS's acts, as alleged herein, were committed with an intent to deceive and defraud the public.

52. EyeSpy has been seriously and irreparably damaged by ESSS's continued use of marks employing the terms EYE SPY.

53. EyeSpy possesses no adequate remedy at law to address the damage caused by ESSS's continued use of marks employing the terms EYE SPY.

## COUNT V
**Cybersquatting -- Michael Zenner**
**(15 U.S.C. § 1125(d)**

54. EyeSpy hereby incorporates by reference the allegations contained in the foregoing paragraphs as if fully set forth herein.

55. Michael Zenner is the registrant of the <www.eyespyspotter.com> domain name.

56. The <www.eyespyspotter.com> domain name is confusingly similar to EyeSpy's EYESPY Marks.

57. Mr. Zenner, and through him, his company, Defendant ESSS, has possessed, and does continue to possess, a bad faith intent to profit from using the EYESPY Marks.

58. Mr. Zenner, and through him, his company, Defendant ESSS, has been, and currently is, engaged in cybersquatting in violation of Section 43(d)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(d)(1)(A), by registering, trafficking in, and/or using a domain name that is confusingly similar to the EYESPY Marks with the bad faith intent to profit from use of the EYE SPY SPOTTER SERVICES, EYE SPY, and [EYE SPY SPOTTER SERVICE logo] marks.

59. EyeSpy has been seriously and irreparably damaged by Mr. Zenner and ESSS's continued use of the EYE SPY SPOTTER SERVICES, EYE SPY, and [EYE SPY SPOTTER SERVICE logo] marks, and, unless they are restrained therefrom, EyeSpy will continue to suffer damages.

**PRAYER**

WHEREFORE, EyeSpy Critiquing & Consulting Corporation respectfully prays that this Court enter judgment against Eye Spy Spotter Services Inc. as follows by:

a. Entering an order preliminarily and permanently restraining and enjoining Eye Spy Spotter Services Inc. and all persons acting in concert with ESSS, or purporting to act on its behalf or in active concert or in participation therewith -- including, but not limited to, its parents, agents, servants, employees, and successors or assigns -- from infringing the trademarks of EyeSpy Critiquing & Consulting Corporation identified herein, from falsely designating the origin, sponsorship, or affiliation of ESSS's business and services with those of EyeSpy, from diluting the distinctive quality of EyeSpy's trade name, trademarks, and service marks, and from unfairly competing with EyeSpy in any manner whatsoever;

b. Entering an order, pursuant to 15 U.S.C. § 1116, directing ESSS to file with the Court and to serve on EyeSpy's counsel within thirty (30) days after service of any final injunction order issued herein, or within such reasonable time as the Court may

direct, a report in writing and signed under oath, setting forth in detail the manner and form by which ESSS has complied with the injunction order;

      c.     Entering an order, pursuant to 15 U.S.C. §§ 1125(a) *et seq.*, directing Defendant ESSS to transfer the domain name <www.eyespyspotter.com> to Plaintiff EyeSpy Critiquing & Consulting Corporation.

      d.     Awarding compensatory and restitutionary damages in favor of EyeSpy and against ESSS arising out of the alleged wrongful acts of infringement and unfair competition, in an amount to be determined at trial, and that said award be trebled;

      e.     Awarding an accounting and disgorgement of ESSS's profits, in favor of EyeSpy and against ESSS, as a consequence of ESSS's acts of willful trademark infringement;

      f.     Determining that this is an exceptional case, and awarding EyeSpy both its costs and its reasonable attorneys' fees incurred in association with bringing this action; and

      g.     Awarding any such other and further relief as the Court deems just and proper.

///

///

///

///

///

///

# JURY DEMAND

EyeSpy Critiquing & Consulting Corporation hereby demands a trial by jury for all issues so triable, pursuant to Federal Rule of Civil Procedure 38.

Dated: April 22, 2014

Respectfully submitted,

NIXON PEABODY LLP

By: /s/ *Robert A. Weikert*
Robert A. Weikert, State Bar No. 121146
One Embarcadero Center, Suite 1800
San Francisco, CA 94111
Telephone: 415.984.8200
Facsimile: 415.984.8300
rewikert@nixonpeabody.com

Craig R. Tractenberg
(*Pro Hac Vice admission pending*)
437 Madison Avenue
New York, NY 10022-7039
Telephone: (212) 940-3000
Facsimile: (212) 940-3111
ctractenberg@nixonpeabody.com

Jeffrey S. Molinoff
(*Pro Hac Vice admission pending*)
401 9th Street, NW, Suite 900
Washington, D.C. 20004-2128
Telephone: (202) 585-8000
Facsimile: (202) 585-8080
jmolinoff@nixonpeabody.com

Attorneys for Plaintiff
EYESPY CRITIQUING & CONSULTING
CORPORATION

#14949598v1